IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-172-BO-1
No. 5:15-CR-172-BO-18

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LEMONT JERRONE WEBB and | ) | |
| HARRY MYLES, SR. | ) | |

This matter is before the Court on defendant Lemont Jerrone Webb's motion for a new trial and for a judgment of acquittal [DE 968] and defendant Harry Myles, Sr.'s motion for a new trial and for a judgment of acquittal [DE 969]. The government has responded in opposition. [DE 988]. For the reasons discussed below, defendants' motions are denied.

## BACKGROUND

On February 22, 2017, a federal grand jury returned a superseding indictment against several defendants, including Lemont Jerrone Webb ("Webb") and Harry Myles, Sr., ("Myles"). Webb was charged in count one with conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine and two hundred eighty grams or more of cocaine base (crack), in violation of 21 U.S.C. § 846 and in count four with possession with intent to distribute a quantity of cocaine base (crack), in violation of 21 U.S.C. § 841(a). Webb was also charged with a series of money laundering offenses in counts seven, eight, nine, twelve, thirteen, fourteen, fifteen, eighteen, and twenty-eight. Both defendants were charged with money laundering offenses in counts five, six, ten, eleven, twenty-four and twenty-five.

The money laundering counts, which included a conspiracy charge as well as underlying substantive charges, stemmed primarily from defendants' alleged use and concealment of the

proceeds of the unlawful drug activity by purchasing real property, cars, trailers, trucks, and making cash deposits.

Defendants were jointly tried before a jury beginning on January 16, 2018. Following the conclusion of the government's case in chief, Myles moved for a judgment of acquittal on all counts. That motion was partly granted by the Court, acquitting Myles on counts ten, eleven, twenty-four and twenty-five, which had charged Myles with the purchase of specific vehicles in violation of 21 U.S.C. §§ 841(a)(1) and 846. Webb also moved for a judgment of acquittal on all counts, which was denied in full.

On January 20, 2018, the jury returned a verdict of guilty on Myles' remaining counts, counts five and six. The jury found Webb guilty of counts one, four, five, six through eleven, fourteen, sixteen, twenty-four, twenty-five and twenty-eight. The jury found Webb not guilty of counts twelve, thirteen, fifteen, eighteen and twenty.

Both defendants filed the instant motions on February 2, 2018. Defendants have both moved for judgments of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure, and for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. The government responded in opposition.

## ANALYSIS

*Judgment of Acquittal*

A judgment of acquittal is granted pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure. Such a judgment is appropriate when the evidence presented was insufficient to sustain a conviction. When, after viewing the evidence in the light most favorable to the government, the evidence is sufficient for any rational trier of fact to find the essential

elements of the crime beyond a reasonable doubt, a judgment of acquittal cannot be granted. *United States v. United Med. & Surgical Supply Corp.*, 989 F.2d 1390, 1402 (4th Cir. 1993).

First, both defendants argue that the evidence offered at trial was insufficient. The Court finds that there was sufficient evidence to sustain their convictions.

The evidence offered at trial of Webb's drug trafficking was extensive and included testimony from Webb's supplier of cocaine as well as the dealers he hired to distribute the product; recorded phone calls during which Webb discussed his cocaine deals; and the physical powder cocaine and crack cocaine seized from residences Webb either owned or occupied.

Evidence of both defendants' involvement in money laundering included witness testimony, recorded phone calls, and the title history of the purchased vehicles. Because of this evidence, a reasonable juror could find that defendants committed money laundering by purchasing assets with Webb's illegal proceeds and attempting to conceal the provenance of those assets by titling them in Myles' name.

*New Trial*

Both defendants also move for a new trial. Rule 33 permits a new trial when it would be in the interest of justice. This mechanism should be exercised sparingly, and only when the evidence weighs heavily against the verdict. *United States v. Arrington*, 757 F.2d 1484, 1486 (4th Cir. 1985). That is not the case here, and the limited nature of defendants' own motions shows that.

In his motion, Webb challenges the admission of three pieces of evidence: first, evidence of his state criminal record; second, the government's oblique reference to his infidelity; and third, the presentation to the jury of typed transcripts of recorded phone calls. Myles moves

3

solely on the grounds of the transcripts. The admission of this evidence was within this Court's discretion to admit, and did not prejudice either defendant.

First, Webb argues that introduction of his state court convictions and the underlying criminal behavior violates Rules 404, 608 and 609 of the Federal Rules of Evidence. Dealing with the simplest issue first, Rule 608 and Rule 609 are impeachment rules, which lay out how a witness' testimony can be attacked. Fed. R. Evid. 608; 609. As Webb did not testify, neither rule applies to this evidence. Rule 404(b) precludes the introduction of evidence of someone's prior crimes in order to show his bad character, and that he acted in keeping with that character. Fed. R. Evid. 404(b). Acts that are intrinsic to the charged offense do not fall within the limitations of Rule 404(b). *United States v. Chin*, 83 F.3d 83, 87 (4th Cir.1996). This is because Rule 404(b) is a character rule; it deals with evidence that makes a claim about what a person is generally like. Evidence that operates to prove the actual crime charged is not character evidence.

Here, the government introduced evidence of Webb's convictions for state drug charges, as well as the underlying criminal conduct that led to those convictions. These convictions were for criminal activity that occurred during and as a part of the conspiracy charged in the indictment. Because they were intrinsic to the charged offense, they were not introduced to color the jury's opinion of Webb's character. Rule 404(b) does not apply and the evidence was properly introduced.

Next, Webb argues that in closing argument, the government improperly tied Webb's alleged marital infidelity to the question of his guilt in the instant offenses. In closing, the government compared the details in a recorded phone call with the details of the testimony from a cooperating witness, including that at the time Webb was with a woman other than his wife. Webb argues this was in violation of Rules 608 and 404 of the Federal Rules of Evidence.

A prosecutor's closing argument is evaluated under a two-pronged test to determine whether it made the trial so unfair as to be a denial of due process. *United States v. Wilson*, 135 F.3d 291, 297 (4th Cir. 1998). The question is first whether the prosecutor's comments were improper, and second whether they were so prejudicial that a new trial is required. A violation of the rules of evidence is not enough; the standard is much higher.

Here, there was no such violation, and definitely not one that could merit a new trial. Again, as Webb did not testify, Rule 608 cannot be used to exclude evidence as to him. As discussed above, Rule 404(b) prevents the introduction of character evidence in order to show that a defendant acted in accordance with that character. Webb's possible infidelity was not introduced as evidence of his bad character. Instead, that inference, because he was with a woman who was not his wife, was one detail of many the government emphasized in order to demonstrate to the jury that two pieces of testimony corroborated each other. Prong one of the analysis is therefore not met. Because of this, neither is prong two.

Finally, both defendants challenge the use of transcripts of the recorded phone calls entered into evidence. While the recorded phone calls themselves were evidence, the typed transcripts were not.

Transcripts, like those in this case, may be used to assist the jury in following tape recorded evidence. *United Sates v. Capers*, 61 F.3d 1100, 1107 (4th Cir. 1995). The decision to permit the use of transcripts is within the discretion of the trial judge. *Id.*; *United States v. Wilson*, 115 F.3d 1185, 1189 (4th Cir. 1997). In their motions, neither Webb nor Myles indicated what about the transcripts made their permitted use an abuse of discretion, apart from their sheer existence and use. They make reference to the lack of a limiting instruction, but do not indicate what such a limiting instruction would accomplish. Counsel made general objections to the use

5

of the transcripts during the trial, which this Court overruled. But counsel did not make any specific objections or clarify what about the transcripts was improper, nor did counsel identify any flaws in the transcripts when cross-examining the government witness who prepared the transcripts. For these reasons, the use of the transcripts does not mean that a new trial is warranted.

## CONCLUSION

For the foregoing reasons, petitioners' motions under Federal Rules of Criminal Procedure 33 and 29 are DENIED. [DE 968, 969].

SO ORDERED, this the __15__ day of March, 2018.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE